I,PETERS, J.
In this workers’ compensation case, Rick E. White appeals a judgment by Workers’ Compensation Judge Constance Abraham-Handy, District 3,[1] ordering forfeiture of his benefits pursuant to La.R.S. 23:1208 and denying his claim for penalties and attorney fees. For the following reasons, we affirm.
DISCUSSION OF THE RECORD
On November 17, 1998, White was employed by Jerry’s Machine & Fabrication, Inc. as a machinisVfabricator. On that day, as White was cutting a handrail on an iron staircase, the handrail struck him in the region of his left knee. Thereafter, he underwent evaluation and/or treatment with numerous medical providers, including the Lake Charles Memorial Hospital Emergency Room; Dr. Alan Hinton, a Lake Charles, Louisiana orthopedist; Dr. Sleiman Salibi, a Lake Charles, Louisiana *609 neurologist; Dr. Garrett Ryder, a Lake Charles, Louisiana psychiatrist; Dr. Keith Nabours, a Lake Charles, Louisiana psychiatrist; Dr. James Blackburn, a Lafayette, Louisiana psychiatrist; Dr. Randall Lea, apparently an orthopedist; and Dr. Walter Robinson, a Wheat Ridge, Colorado orthopedist. While there is some conflict concerning White’s medical condition, we are not called upon to resolve those conflicts in this opinion.
The matter is now before us because, in mid-June of 2000, White moved to Colorado. As he loaded a U-haul trailer, he was unaware that a surveillance video was being made of his activities. White’s employer paid him temporary total disability benefits following the work accident through July 11, 2000. On July 31, 2000, White filed this claim for compensation benefits.
| aBefore trial, White’s deposition was taken and he was questioned concerning his claimed disability. Concerning his physical involvement with his move to Colorado, White testified as follows:
Q Now, then, when you moved to Colorado, did you move your own furniture?
A My neighbors did.
Q Did you have any big items of furniture that you had to move?
A I had to move none. My wife and [neighbor] moved everything.
At trial, the employer introduced both the deposition testimony and the June 22, 2000, surveillance video. The surveillance video clearly contradicts White’s testimony concerning his involvement in the loading of the U-haul trailer. In fact, on the video, White is seen moving several large items, including a mattress and a large, bulky sofa. The video shows White holding one end of the sofa and two other individuals holding the other end while moving it. White attempted to explain at trial that he did not lift anything heavy, that his wife and neighbor moved everything with the exception of the items shown on the video, and that the sofa weighed only twenty-five or thirty pounds.
After receiving this evidence, the workers’ compensation judge ordered forfeiture of White’s benefits as of July 11, 2000, due to White’s “misrepresentation of his ability to perform strenuous physical activity as evidenced on the ... surveillance tape.” Additionally, the workers’ compensation judge rejected White’s claim for penalties and attorney fees. White’s appeal followed.
OPINION
Louisiana Revised Statutes 23:1208(A) provides: “It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the 1 aprovisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.” Additionally, La.R.S. 23:1208(E) provides: “Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.” “The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.” Resweber v. Haroil Constr. Co., 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12.
“[Credibility calls are the function of the [workers’ compensation judge].” Bruno v. Harbert Int’l Inc., 593 So.2d 357, 364 (La.1992), Importantly, an appellate court may not set aside a fact finder’s findings of fact absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). After reviewing the record evidence in its entirety, we cannot say that the workers’ compensation judge was clearly wrong in finding that White willfully made false *610 statements for the purpose of obtaining workers’ compensation benefits.
Nevertheless, White contends that he is entitled to separate awards of penalties and attorney fees for the unreasonable termination of his benefits and for the refusal to authorize orthopedic and psychiatric treatment. White’s employer paid temporary total disability benefits through July 11, 2000. Having affirmed the order terminating benefits as of July 11, 2000, on the basis of forfeiture, we concomitantly affirm the denial of penalties and attorney fees in that regard. Additionally, concerning authorization of medical treatment pri- or to July 11, 2000, we note that White refused to undergo further diagnostic testing as recommended by Dr. Lea. That refusal halted the progression of further medical treatment at that point. Thus, we find no error in |4the workers’ compensation judge’s refusal to award penalties and attorney fees in that regard.
DISPOSITION
For the foregoing reasons, we affirm the judgment below and assess costs of this appeal to Rick E. White.
AFFIRMED.

. This information is supplied pursuant to the mandate of La.R.S. 23:1310.5(F). Additionally, although this opinion does not meet the criteria for publication suggested in Uniform Rules — Courts of Appeal Rule 2-16.2, it is published pursuant to the mandate of La.R.S. 23:1310.5(F).